Chief Justice Robertson,
delivered the opinion of the court.
This appeal is prosecuced to reversea judgment obtained by John Lowry, in an action of ejectment against John Hawkins’ heirs. The ap; pellants insist that the circuit court erred in admitting incompetent testimony, and in refusing to suspend the trial until their counsel had completed a bill ofexceptions which he was preparing.
Whentheteis no proof of memorial of the rescisión evidence is competent to prove the re-jBcision-
This court is not able to perceive that the circuit court erred to the prejudice of the plaintiffs.
1st. After the appellee had read to the jury a patent, and a deed to himself from the patentee, and' proved that the ancestor of the appellants had entered on. the land as a purchaser from one McCarty, who had settled on it in 1796, in consequence of an executory contract of purchase with the appellee, he proved by parol testimony, that McCarty and himself had rescinded their contract prior to the sale to Hawkins. The appellants objected to the evidence of this last fact, as incompetent and impertinent.
As there was no proof of the existence of any written memorial of the recision, parol evidence was competent to prove that the contract had been rescinded, and was. sufficient, (whether there was a writing or not,) to prove that the price which had Pa^ ^ McCarty for the land, had been refund^
Nor was the evidence impertinent. As the appellants and those under whom they claimed had occupied the land about thirty years, the jury might have presumed a conveyance from the appellee. To repel such a presumption, proof that he had rescinded his contract of sale was pertinent- and perhaps necessary.
2nd. The only counsel for the appellants insisted that the court should pause until he could prepare a bill of exceptions. He was told by the judge, that his exception could be prepared and should be signed after the trial, according to the established practice of that court. The attorney, however, persisted in writing a bill of exceptions, and the court continued to progress with the trial. It is not now material to enquire what would be the most eligible and regular practice respecting exceptions. This record does not shew any fact from which this court could infer that any prejudice resulted to the appellants from the course pursued by the court, or that, the court deprived them of any right or privilege. The trial progressed,and the exceptions' were signed and enrolled. Besides, the opinion to which the.counsel was excepting, was, as we have decided, right.
The correct pieparTamt5 finish the bill of exceptions trial.
Crittenden, for appellants; Owsley, for appellee.
It may not be improper, however, to suggest that the correct practice is to prepare and finish the bill of exceptions before the close of the trial. Some inconvenience may sometimes result from such a strict practice; butinor.e inconvenience, and evenob-vious injury may be the consequence of any other practice. If counsel should be contumacious, and manifest a disposition to vex and trifle with the court, a proper exercise .of discretion might control himj and prevent unnecessary delay.
It does not appear that in this casera sound discretion was abused, or that the counsel was reasonably- dispatchful in preparing the exception, or that he did not interrogate the witnesses, or was prevented from introducing and examining witnesses for his clients, or that he was otherwise prevented from attending to the case.
Wherefore, the judgment is affirmed.